PEOPLE v SZYMANSKI

1. CONSPIRACY—CRIMINAL LAW—APPEAL AND ERROR—MOTIONS—DI-
   RECTED VERDICT OF ACQUITTAL—PARTICIPATION IN CONSPIRACY—
   PROOF OF PARTICIPATION.

   It was reversible error to deny a defendant's motion for a di-
   rected verdict of acquittal in a conspiracy case where a review
   of the record discloses no proof establishing defendant's partici-
   pation in the conspiracy or proof from which that participation
   could be inferred.

2. CONSPIRACY—CRIMINAL LAW—INFORMANTS—COCONSPIRATORS.

   A conspiracy must be between the defendants; an informant
   cannot be a coconspirator.

3. CONSPIRACY—CRIMINAL LAW—PROVING CONSPIRACY—PURPOSE OF
   CONSPIRACY—KNOWLEDGE BY CONSPIRATORS.

   It must be established that more than one defendant knew the
   purpose of a conspiracy to bribe, and where there was evidence
   that only one of three defendants might have known the
   purpose of a conspiracy to bribe and no evidence that the other
   defendants had the knowledge, and no evidence from which the
   jury could infer that the defendants had the knowledge, the
   conspiracy charge was not proved.

Appeal from Wayne, Allan C. Miller, J. Submit-
ted Division 1 February 7, 1975, at Detroit.
(Docket Nos. 18865, 18866, 18867.) Decided March
18, 1975. Leave to appeal denied, 394 Mich 798.

Frank S. Szymanski, Charles N. Youngblood, Jr.,
and Louis G. Pappas were convicted of conspiracy

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Conspiracy § 33.
   Prosecution or conviction of one party to alleged conspiracy as
   affected by disposition of case against other parties. 91 ALR2d
   700.
[2] 16 Am Jur 2d, Conspiracy §§ 38–40, 61.
[3] 16 Am Jur 2d, Conspiracy § 34.

to bribe the chairman of the Liquor Control Commission. Defendants appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph F. Regnier,* Special Prosecutor for the Attorney General's Office, and *James F. Finn,* Special Prosecutor for the Wayne County Prosecutor, for the people.

*Joseph P. Zanglin,* for defendant Szymanski.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant Youngblood.

*Barbara, Wisok, Tavoularis, Ruby & Domol, P. C.,* for defendant Pappas.

Before: McGREGOR, P. J., and QUINN and O'HARA,* JJ.

QUINN, J. A grand jury indicted defendants of conspiracy to bribe the chairman of the Liquor Control Commission, MCLA 750.157a; MSA 28.354(1) and MCLA 750.117; MSA 28.312. A jury convicted defendants of this charge. They were sentenced and they appeal.

At the conclusion of the people's proof, defendant Szymanski moved for a directed verdict of acquittal because of insufficiency of the proof. This motion was denied. It was renewed at the close of proof and again denied. The denial of these motions is the first error raised by defendant Szymanski's appeal.

One element that must have been proved to sustain the conviction of defendant Szymanski was his participation in the conspiracy, *People v Heidt,*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

312 Mich 629; 20 NW2d 751 (1945). Our review of the record discloses no proof establishing that participation or proof from which that participation could be inferred. It was reversible error to deny defendant Szymanski's motion for directed verdict of acquittal. This conclusion obviates discussion of the several other issues raised by his appeal.

The charge against the defendants was that they conspired to bribe the chairman of the Liquor Control Commission. This was the charge that had to be proved. Informant Renkoski could not have been a coconspirator, *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974). The conspiracy had to be between defendants. To prove the charge it had to be established that more than one of the defendants knew that the purpose of the conspiracy was to bribe the chairman of the Liquor Control Commission, *Atley, supra.* We find evidence in the record from which the jury might infer that defendant Youngblood knew that the purpose of the conspiracy was to bribe the chairman of the Liquor Control Commission. We find no evidence to establish that defendants Pappas and Szymanski had such knowledge or evidence from which the jury could infer that defendants Pappas and Szymanski had such knowledge. The conspiracy charge was not proved. Discussion of the other issues raised is unnecessary.

Reversed.